# UNITED STATES DISTRICT COURT

**Southern District of California**

Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101–8900
Phone: (619) 557–5600
Fax: (619) 702–9900

W. Samuel Hamrick, Jr.,
Clerk of Court

September 4, 2008

Clerk, U.S. District Court
Central District of California, Eastern Division
3470 Twelfth Street
Riverside, CA 92501

Re: Robert Bertoldo v. K Clark, Case No. 3:08–cv–01551–IEG–PCL

Dear Sir or Madam:

Pursuant to Order transferring the above–entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.,
Clerk of the Court

By: s/ J. Haslam, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF_____
AND ASSIGNED CASE NUMBER_____

CLERK, U.S. DISTRICT COURT

By:_____, Deputy

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ROBERT BERTOLDO,                           Civil No.   08-1551 IEG (PCL)
12
13                            Petitioner,      **ORDER TRANSFERRING ACTION**
                                               **TO UNITED STATES DISTRICT**
14             vs.                             **COURT FOR THE CENTRAL**
                                               **DISTRICT OF CALIFORNIA,**
15  K. CLARK, et al.,                          **EASTERN DIVISION**

                              Respondents.
16

17         Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to
18  28 U.S.C. § 2254 attacking the 2006 denial of parole by the California Board of Parole Hearings.
19  He has paid the $5.00 filing fee.  Upon reviewing the petition, the Court finds that this case
20  should be transferred in the interest of justice.
21         A petition for writ of habeas corpus may be filed in the United States District Court of
22  either the judicial district in which the petitioner is presently confined or the judicial district in
23  which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*
24  *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a the
25  findings and determinations of the Board of Prison hearing that took place in Chuckawalla
26  Valley State Prison, which is located in Riverside County and is within the jurisdictional
27  boundaries of the United States District Court for the Central District, Eastern
28  / / /

1  Division. *See* 28 U.S.C. § 84(c)(1). Moreover, Petitioner is presently confined at Corcoran State
2  Prison, which is located in Kings County and is within the jurisdictional boundaries of the
3  United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus,
4  jurisdiction exists in the Central or Eastern District; and not in the Southern District.

5  Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
6  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7  jurisdiction the court shall transfer the action to any other such court in which the action could
8  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
9  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
13 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).

16 When a habeas petitioner is challenging the findings and disposition of the Board of
17 Parole Hearings, the district court of the district in which the hearing was held is a more
18 convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is
19 generally the practice of the district courts in California to transfer habeas actions challenging
20 the denial of parole to the district in which the hearing took place. Any and all records,
21 witnesses and evidence necessary for the resolution of Petitioner's contentions are more readily
22 available in Riverside County, which is thus a more convenient forum. *See Braden*, 410 U.S.
23 at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of
24 conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266
25 (N.D. Cal. 1968).

26 Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
27 transfer this matter to the United States District Court for the Central District of California,
28 / / /

1 | Eastern Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of
2 | this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

6 | **DATED: September 2, 2008**

*Irma E. Gonzalez*

9 | **IRMA E. GONZALEZ, Chief Judge**
10 | **United States District Court**